FOWLER & al. v. ROBINSON.

In a suit brought under the provision of R. S. chap. 76, sect. 18, 19 and 20, by a creditor of the corporation against a stockholder, the defendant cannot protect himself by proof that he has paid to the *corporation*, the whole amount to which the statute made him liable, (being one hundred per cent. upon his stock,) towards aiding in the payment of the corporation debts.

A corporation, being indebted to the amount of seventy-five per cent. of its capital stock, passed a vote that each stockholder should pay to the treasurer, that proportion, in order to create a fund for discharging the debts. The plaintiff and the defendant were both stockholders. Though many of the stockholders failed to make such payment, yet the defendant paid to the treasurer one hundred per cent. But, as the vote contained no stipulation that a stockholder, on making the payment as voted, should be released from the claims of creditors, it was *Held*, that the plaintiff, being a creditor of the corporation, though he concurred in the vote, was not barred thereby from recovering against the defendant.

ASSUMPSIT, brought by the plaintiffs, creditors of a corporation, against a stockholder, under the provisions of R. S. chap. 76, sect. 18, 19 and 20.

The case was submitted upon facts agreed.

The plaintiffs had recovered judgment against the corporation for $7351,57. Upon the execution, the officer had returned, that he had " made search for corporate property and estate, and had been unable to find any, and that he had notified the defendant," &c.

The plaintiffs and the defendants were stockholders, at the time the debt accrued to the plaintiffs.

At the meeting of the corporation, the defendant and one of the plaintiffs being present and concurring, it was voted that the company was indebted to the amount of seventy-five per cent. of its capital stock, and that each stockholder should pay that amount to the treasurer to create a fund for discharging the debts, and that he should receive a certificate thereof. The defendant, before the commencement of this suit, paid to the treasurer one hundred per cent. upon his stock, as and for a discharge of his liability, that being the full amount to which he is made liable by said statute, and said payment was known, at the time, to the plaintiffs.

The plaintiffs also paid seventy-five per cent. upon their stock, according to said vote.

Certificates for said payments were duly given to the plaintiffs and to the defendant for their said several payments. Some of the other stockholders made payments according to said vote, but many failed to do so.

The case was submitted for nonsuit or default, according to the legal rights of the parties.

*W. P. Fessenden,* for the defendant.

1. The plaintiffs are bound by the vote of the company, having been present and concurring therein. *Slee* v. *Bloom,* 19 Johns. 456, 476; same case, 5 Johns. Ch. Rep. 382; S. P. (same point,) 4 Metc. 176; S. P., *Stetson* v. *Kemp,* 13 Mass. 282.

The participation by the plaintiffs in the vote, must be deemed a discharge by them; otherwise much injustice would follow.

It was in reliance upon that vote, as a discharge, that the defendant paid his money.

2. The officer's return that he had notified the defendant, is not sufficient evidence of the notice. To give it that effect would protect an officer for wrongfully intermeddling with a stockholder's private property.

*Shepley* and *Dana,* for the plaintiffs.

WELLS, J. — The plaintiffs, having established their case in conformity to the provisions of the statute, are entitled to recover.

The defence set up cannot prevail. For if the plaintiffs are bound by the vote passed at the meeting of the stockholders on the eleventh of August, 1848, one of the plaintiffs having been present at the meeting and assenting to them, they could not be precluded from pursuing the remedy afforded by law for the recovery of their debt, unless they had debarred themselves by a stipulation in the votes to that effect.

The object of the votes was to create a fund for the pay-

ment of the company debts. Each stockholder was to pay a sum, in proportion to the amount of his stock, to the treasurer of the company for the payment of the existing debts. That proportion was seventy-five per cent. If all the stockholders, as the votes contemplated, had complied with them, a fund sufficient to pay all the debts would have been created, and the plaintiffs would have received satisfaction with the other creditors. The plaintiffs did comply with the requirements of the votes by paying their proportion, and the defendant paid a sum equal to the whole amount of his stock, being twenty-five per cent. more than he was under obligation by the votes to pay. But the statement of facts shows, that although several thousand dollars were paid by different stockholders, pursuant to the resolutions and votes, yet there is a large number of stockholders, who have not paid any thing more than the amount of their stock.

The record of the proceedings of the meeting before mentioned does not contain any stipulation in the resolutions or votes, that a stockholder, who should pay his proportion of the debts to the treasurer, should be released from the claims of the creditors of the company. Without doubt each one expected to be released, because it was contemplated that all would pay their proportion voluntarily.

The plaintiffs were willing to unite with the stockholders in paying all the debts of the company, and have contributed their proportion. The votes require nothing more of them, they do not contain any stipulation, that their claims upon a stockholder shall be relinquished by his paying his proportion to the treasurer, nor are they susceptible of any such construction. The mode adopted for the payment of the debts has not proved effectual.

In *Slee* v. *Bloom*, 5 Johns. Chan. R. 382, the resolution of the trustees of the company provided, upon payment of the assessments in arrear, "that there should be no further demands made by prosecution against any subscriber upon his subscription, nor any proceedings be had against any subscriber other than by way of forfeiture of his said stock, in case of

his non-payment of any further calls." The plaintiff being present and assenting to the resolution, was considered bound by it, and precluded from prosecuting any subscriber, who had complied with the resolution. He could not do so without acting in violation of it. But in the present case, the language of the votes does not prohibit the plaintiffs from making their claim upon the defendant.

According to the agreement of the parties, a default must be entered.